IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FOREST GUARDIANS,**

    Plaintiff,

v.                                                                                                    CIV. No. 00-490 JP/RLP &

**UNITED STATES FOREST SERVICE and ANN VENEMAN, in her capacity as Secretary of Agriculture of the United States,**

    Defendants,

**SACRAMENTO GRAZING ASSOCIATION, CALVIN BISHOP, SAM FAIRCHILD, RANDY ELKINS, GRANT MYERS, RICK and KIM LESSENTINE, ROY HOLCOMB, and OTERO COUNTY**

    Defendant-Intervenors.

_____

**SACRAMENTO GRAZING ASSOCIATION, JIMMY GOSS, FRANCES GOSS, JUSTIN (SPIKE) GOSS, and BRENNA GOSS**

    Plaintiffs,

v.                                                                                                    CIV. No. 00-1240 JP/RLP

**UNITED STATES DEPARTMENT OF AGRICULTURE and ANN VENEMAN, in her capacity as Secretary of Agriculture of the United States, UNITED STATES FOREST SERVICE, DALE BOSWORTH, in his official capacity as Chief of the United States Forest Service, REGIONAL FORESTER ELEANOR TOWNS, in her individual and**                                          (Consolidated)

**official capacity, DEPUTY REGIONAL FORESTER/ APPEAL DECIDING OFFICER JAMES T. GLADEN, in his individual and official capacity, FOREST SUPERVISOR JOSE MARTINEZ, in his individual and official capacity, RANGER LARRY SANSOM, in his individual and official capacity, DISTRICT RANGER MAX GOODWIN, in his individual and official capacity, RANGER RICK NEWMON, in his individual and official capacity, and NEW MEXICO STATE GAME COMMISSION and STEPHEN DOERR as Commissioner of the New Mexico State Game Commission,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

On January 5, 2001, the Defendant United States filed a Motion to Limit Judicial Review to Administrative Record (Doc. No. 86) in this consolidated action.  On January 29, 2001, Forest Guardians, Plaintiff in Civ. No. 00-490 JP/RLP, filed an Opposition to United States' Motion to Limit Review to Administrative Record (Doc. No. 97).  On January 22, 2001, the Sacramento Grazing Association (SGA), Defendant-Intervenor in Civ. No. 00-490 JP/RLP and Plaintiff in Civ. No. 00-1240 JP/RLP, filed an Opposition to United States' Motion to Limit Judicial Review to Administrative Record (Doc. No. 95).  On January 22, 2001, Otero County, Defendant-Intervenor in Civ. No. 00-490 JP/RLP, filed a Response to United States' Motion to Limit Judicial Review to Administrative Record (Doc. No. 93).

Plaintiff Forest Guardians has indicated that in light of its Amended Complaint, it no longer opposes the United States' motion. See Joint Motion to Vacate Hearing and Memorandum in Support (Doc. No. 134), filed June 8, 2001. Therefore, this Memorandum Opinion and Order will focus on the arguments that the SGA and Otero County have offered in response to the United States' motion.

This case involves challenges to actions taken by the United States Forest Service (USFS). A district court reviewing an agency action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, acts as an appellate court, rather than as a trial court. *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994). The Supreme Court has stressed that the district court's "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). As the Tenth Circuit has explained, "[t]he complete administrative record consists of all documents and materials directly or indirectly considered by the agency." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). The court may consider material beyond this record "only for limited purposes." *Franklin Savings Ass'n v. Dir., Office of Thrift Supervision*, 934 F.2d 1127, 1137 (10th Cir. 1991).

One circumstance under which the reviewing court may supplement the administrative record is where the plaintiff alleges that an agency decision was the product of bias and improper motives. In *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), the Supreme Court explained that "inquiry into the mental processes of administrative decisionmakers is usually to be avoided," particularly where the court has access to "administrative findings that were made at the same time as the decision." However, "a strong showing of bad faith or improper

3

behavior" might support such an inquiry.  *Id.*  See also, e.g., *Charter Township of Van Buren v. Adamkus*, 188 F.3d 506, *4 (table) (6th Cir. 1999); *Corning Sav. & Loan Ass'n v. Fed. Home Loan Bank Bd.*, 736 F.2d 479, 481 (8th Cir. 1984).

In this case, the United States argues that the APA governs the claims raised in Plaintiff Sacramento Grazing Association's Complaint, and that this Court should hence apply the procedures outlined in *Olenhouse* in reviewing the challenged agency actions.  In its Memorandum of Law in Support of Motion to Limit Judicial Review to Administrative Record (Doc. No. 87), filed January 5, 2001, the United States "requests an order limiting review to the administrative records, disallowing discovery, and setting a schedule for proceeding with disputes over the contents of the administrative records and for briefing the merits of Plaintiffs' claims." (10).  The United States has stated that it seeks the determination that this case should "proceed under the guidelines set forth by the Tenth Circuit in *Olenhouse*" in order to distinguish it from cases following a standard discovery track.  See United States' Reply in Support of its January 5, 2001 Motion to Limit Judicial Review to Administrative Record, at 3-4.

The SGA and Otero County oppose the United States' motion.  The SGA argues, first, that this Court should consider evidence outside of the administrative record in addressing its Claims I, II, and IV, which are brought under the APA.  The SGA does not seem to argue that the general framework of *Olenhouse* is inapplicable to these claims, but instead that an exception outlined in *Olenhouse* applies.  The SGA notes that the *Olenhouse* court explained that "[i]f limitations in the administrative record make it impossible to conclude the action was the product of reasoned decisionmaking, the reviewing court may supplement the record."  Opposition to United States' Motion to Limit Judicial Review to Administrative Record at 3, quoting 42 F.3d at

4

1575. The SGA contends that the administrative record in this case will be limited, because the record will not reveal the improper actions taken by USFS employees. The SGA has alleged, in support of its claims, that USFS representatives made a series of decisions with the unlawful intent of destroying the SGA's ranching operation. The SGA maintains that because of these allegations of malice, this case falls into the exception, described in *Overton Park*, for cases in which there are indications of agency bias.

   However, this Court does not believe that the SGA has made the showing of bias and improper motive required for the Court to determine, at this time, that an exception to the *Olenhouse* rule applies. The Tenth Circuit has noted that "[t]he court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993), citing *Wilson v. Hodel*, 758 F.2d 1369, 1374 (10th Cir. 1985). Although the SGA has made a wide range of allegations concerning the USFS's alleged bias, it has thus far not cited "clear evidence" in support of its allegations.[1]

   Therefore, this Court will declare, as the United States has requested, that this case falls under the rule set forth in *Olenhouse*, and that the Court will limit its review of the SGA's APA

---

[1] The only evidence to which the SGA refers in its Opposition to United States' Motion to Limit Review to Administrative Record is the affidavit of USFS wildlife biologist Pat Ward. The SGA asserts that this affidavit is the type of document which would not be included in the official administrative record, but which shows the bias of the USFS. On July 19, 2001, the United States added this document to the administrative record.

claims to the administrative record.[2]  However, should the SGA come forward with clear evidence that the administrative record is deficient in a particular respect, this Court may allow limited discovery sufficient to develop a more complete record.

The SGA also argues that because the United States had not yet lodged an administrative record in this case as of the time of the filing of the motion to limit review, that the motion was not ripe.  Otero County raises a similar argument in its Response to United States' Motion to Limit Judicial Review to Administrative Record.  This Court notes, first, that the United States has now finished lodging its portion of the administrative record in this case.  See Federal Defendants' Supplemental Notice of Lodging Administrative Record (Doc. No. 154), filed July 19, 2001.  Second, this Court observes that Otero County and the SGA seem to have interpreted the United States's motion in limine as an attempt to foreclose subsequent challenges by the other parties to the content and completeness of the administrative record.  The United States clarified, in its Reply, that "the parties should have an opportunity to challenge the administrative record lodged with the Court," if they do this "by filing a motion seeking leave to supplement the record or pursue some limited form of discovery." (5).  This Court agrees.  In ruling that the *Olenhouse* framework applies in this case, this Court does not intend to foreclose the SGA, Otero County, or the Forest Guardians from arguing that the administrative record lodged by the United States needs to be supplemented.

---

[2]  The SGA argues, in its Response, that any limitation of review to the administrative record would not apply to its Claim III (*Bivens* claim), or Claim VI (state tort claim).  However, this Court has dismissed both of these claims in orders entered after the filing of the SGA's response.  See Memorandum Opinion and Order of April 30, 2001 (Doc. 122); Memorandum Opinion and Order of June 8, 2001 (Doc. No. 133); and Order of August 8, 2001 (Doc. No. 162).

Now that the United States has completed filing its portion of the administrative record, this Court suggests that the parties attempt to agree to a timetable for the filing of challenges to the content of the record.

IT IS THEREFORE ORDERED THAT:

1) The United States' Motion to Limit Review to the Administrative Record is granted; and

2) The parties must confer in order to reach an agreement, by not later than August 22, 2001, as to a schedule for the filing of motions to supplement or challenge the administrative record lodged by the United States.

                                                */s/ James A. Parker*
                                    CHIEF UNITED STATES DISTRICT JUDGE