## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**FOREST GUARDIANS,**

     **Plaintiff,**

**v.**                                                   **CIV. No.  00-490  JP/RLP &**

**UNITED STATES FOREST SERVICE and
ANN VENEMAN, in her capacity as
Secretary of Agriculture of the United States,**

     **Defendants,**

**SACRAMENTO GRAZING ASSOCIATION,
CALVIN BISHOP, SAM FAIRCHILD,
RANDY ELKINS, GRANT MYERS, RICK
and KIM LESSENTINE, ROY HOLCOMB,
and OTERO COUNTY**

     **Defendant-Intervenors.**

_____

**SACRAMENTO GRAZING
ASSOCIATION, JIMMY GOSS, FRANCES
GOSS, JUSTIN (SPIKE) GOSS, and
BRENNA GOSS**

     **Plaintiffs,**

**v.**                                                   **CIV. No. 00-1240 JP/RLP**

**UNITED STATES DEPARTMENT OF
AGRICULTURE and ANN VENEMAN, in
her capacity as Secretary of Agriculture of the
United States, UNITED STATES FOREST
SERVICE, DALE BOSWORTH, in his
official capacity as Chief of the United States
Forest Service, REGIONAL FORESTER
ELEANOR TOWNS, in her individual and
official capacity, DEPUTY REGIONAL
FORESTER/ APPEAL DECIDING
OFFICER JAMES T. GLADEN, in his**

     **(Consolidated)**

**individual and official capacity, FOREST
SUPERVISOR JOSE MARTINEZ, in his
individual and official capacity, RANGER
LARRY SANSOM, in his individual and
official capacity, DISTRICT RANGER MAX
GOODWIN, in his individual and official
capacity, RANGER RICK NEWMON, in his
individual and official capacity, and NEW
MEXICO STATE GAME COMMISSION
and STEPHEN DOERR as Commissioner of
the New Mexico State Game Commission,**

**Defendants.**

## MEMORANDUM OPINION AND ORDER

On May 10, 2001, Defendant-Intervenor Sacramento Grazing Association (SGA) filed a

Motion for Summary Judgment Re: First and Third Causes of Action of Complaint filed by Forest

Guardians (Doc. No. 127).  The first cause of action in the Forest Guardians' original Complaint[1]

(Doc. No. 1) charges that the Forest Service violated the Endangered Species Act by failing to

initiate consultation with the Fish and Wildlife Service (FWS) concerning the impact of grazing on

the habitat of the Mexican Spotted Owl.  The SGA contends that this claim is now moot, because

the Forest Service requested consultation with the FWS on August 16, 2000, and the FWS issued

a response on February 2, 2001 that satisfied the requirements of the Endangered Species Act.

The Forest Guardians' third cause of action charges that the Forest Service has violated

the National Forest Management Act, by permitting grazing at levels conducive to environmental

---

[1]        The Forest Guardians filed an Amended Complaint (Doc. No. 147) on July 5,
2001.

degradation and thereby failing to comply with grazing standards set under the Lincoln National Forest Plan.  The SGA argues that this claim has become moot, because a May 25, 2000 injunction entered by Senior United States District Judge Robert Broomfield, in the District of Arizona, prevents the Forest Service from implementing the grazing standards until the Forest Service has completed National Environmental Protection Act assessments.

On May 29, 2001, the federal Defendants filed a Motion to Strike Defendant-Intervenor Sacramento Grazing Association's May 10, 2001 Motion for Summary Judgment and Memorandum in Support (Doc. No. 131).  In their brief, the federal Defendants argue that the SGA's motion for summary judgment is improper.  The federal Defendants note that under *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994), district courts act as courts of appeals in reviewing challenges to agency decisions brought under the Administrative Procedure Act.  Courts are to base their determinations on the administrative record provided by the agency.  The *Olenhouse* court stated that "[t]he use of motions for summary judgment" is "inconsistent with the standards for judicial review of agency action under the APA," *id.* at 1579, and that "motions for summary judgment are conceptually incompatible with the very nature and purpose of an appeal."  *Id.* at 1580.[2]

This Court acknowledges that under *Olenhouse*, parties may not bring motions for summary judgment as to the merits of challenged agency decisions.  In this case, however, the

---

[2]    The federal Defendants also argued, as a basis for their Motion to Strike, that because the Forest Service had not yet lodged and certified the administrative record in this case, it would be premature to consider the merits of the Forest Guardians' claims.  Since the filing of the Federal Defendants' Motion, the Forest Service has completed lodging its portion of the administrative record.  See Federal Defendants' Supplemental Notice of Lodging Administrative Record (Doc. No. 154), filed July 19, 2001.

3

SGA's motion seems to focus on the jurisdictional question of whether the Forest Guardians' first and third claims are moot.  Parties may raise the issue of mootness on appeal.  The Supreme Court has explained that "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed."  *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992).  The Tenth Circuit Rules of Appellate Procedure provide that a party may file "a motion for summary disposition because of . . . mootness."  10th Cir.R. 27.2(A)(1)(b).

The Tenth Circuit has taken note of the distinction between the scope of judicial review in the context of evaluating the merits of challenges to agency decisions, and the scope of judicial review in the context of the issue of mootness.  In *Southern Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 729 (10th Cir. 1997), the plaintiff Southern Utah Wilderness Alliance alleged that the Bureau of Land Management (BLM) had violated section 7(a)(2) of the Endangered Species Act.  In finding, *inter alia*, that the plaintiff's claim was moot, the district court took into account two documents that had not been part of the record at the time that the BLM made the challenged decision.  The Tenth Circuit approved of the district court's consideration of these documents, stating:

> By definition, mootness concerns events occurring *after* the alleged violation.  Even if [the more recent documents] cannot be considered in determining whether the BLM originally violated section 7(a)(2), they can be considered in determining whether the relief SUWA seeks has already been obtained.

*Id.* at 729.

Although the SGA's presentation of their mootness argument as a motion for summary judgment may not be proper, this Court does not believe that the *Olenhouse* framework requires

4

the striking of the motion.  Given that courts may consider mootness *sua sponte*, Wright & Miller,

13A *Federal Practice and Procedure Juris. 2d* § 3533.1, it seems appropriate for this Court to

consider the matter even if the SGA should have introduced the question through other

procedural means.  Therefore, the federal Defendants' motion to strike should be denied.

    In an Order entered June 21, 2001 (Doc. No. 139), this Court granted the Forest

Guardians' Motion to Temporarily Stay Briefing on the SGA's Summary Judgment Motion.

Now that the Court has reached a decision as to the federal Defendants' Motion to Strike, the

stay will be lifted.  Counsel have indicated, in letters to the Court, that there is a dispute over the

briefing schedule on the SGA's Motion for Summary Judgment.  The Forest Guardians request

that the briefing on the SGA's motion be combined with briefing on the merits of the Forest

Guardians' Complaint.  See Letter to the Court from James Angell, June 25, 2001.  The

Sacramento Grazing Association requests that the due date for the Forest Guardians' Response

brief be set 14 days after the entry of this order.  See Letter to the Court from Clifford Nichols,

June 27, 2001.  This Court has determined that the remaining briefing on the SGA's Motion for

Summary Judgment should follow the schedule that the parties have proposed for briefing on the

merits.  Hence, the Forest Guardians must file and serve their Response to the SGA's Motion for

Summary Judgment by September 14, 2001, and Sacramento Grazing Association must file and

serve its Reply by November 1, 2001.

    IT IS THEREFORE ORDERED THAT:

    1)    The federal Defendants' Motion to Strike is denied;

    2)    The stay on briefing of the SGA's Motion for Summary Judgment, entered in this

Court's Order of June 21, 2001 (Doc. No. 139), is lifted.  The Forest Guardians must file and

serve their Response brief by September 14, 2001.  The SGA must file and serve its Reply brief by

November 1, 2001.


_____

CHIEF UNITED STATES DISTRICT JUDGE