# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FOREST GUARDIANS,

    Plaintiff,

v.                                                      CIV. No. 00-490 JP/RLP &

UNITED STATES FOREST SERVICE, et al.,

    Defendants,

SACRAMENTO GRAZING ASSOCIATION, et al.,

    Defendant-Intervenors.

_____

SACRAMENTO GRAZING ASSOCIATION, et al.,

    Plaintiffs,

v.                                                      CIV. No. 00-1240 JP/RLP

UNITED STATES DEPARTMENT OF                   (Consolidated)
AGRICULTURE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 29, 2001, Plaintiffs Sacramento Grazing Association ("SGA"), Jimmy Goss, Francis Goss, Justin (Spike) Goss and Brenna Goss ("the Gosses") filed a Motion to Certify Appeal Pursuant to FRCP 54(b) (Doc. No. 171). SGA and the Gosses request that I certify for interlocutory appeal the dismissal of SGA's Third Cause of Action against certain federal employees in their individual capacities ("individual Defendants").[1] On June 8, 2001 Plaintiffs' Third Claim for Relief

---

[1] These individual Defendants are Eleanor Towns, James T. Gladen, Jose Martinez, Larry Sansom, Max Goodwin and Rick Newmon.

was dismissed in part (Doc. No. 133), and on August 8, 2001 the remaining portion of the Third Claim was dismissed (Doc. No. 161). After a careful review of the briefs and the relevant law, I have determined that the motion to certify should be DENIED.

In their Third Claim, Plaintiffs attempted to bring a Bivens action against the individual Defendants. Plaintiffs accused the individual Defendants of exceeding the scope of their employment with the United States Forest Service ("USFS") in allegedly depriving the Plaintiffs of their federal constitutional rights to due process and equal protection. The gist of the claim was that the individual Defendants acted with malicious intent to destroy SGA's business and eliminate its ranching operations from the Lincoln National Forest. I determined that all the allegations against the individual Defendants were for conduct that constituted "agency action" within the meaning of the Administrative Procedures Act ("APA"). The Bivens claim was therefore precluded by the APA, which provides an alternative remedy for the injuries alleged by the SGA. It is this decision that Plaintiffs apparently wish to appeal.

Federal Rule of Civil Procedure 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

"The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all the parties until final adjudication of the entire case by making an immediate appeal available." Oklahoma Turnpike Authority v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001) (citation omitted). An appeal should be certified under the rule only when dismissal of less than all a litigant's claims "will create undue hardships." Id. at 1242. Before it certifies an appeal under Rule 54(b), a district court must make two determinations: first, it "must

2

determine that the order it is certifying is a final order." Id. Second, if an order is final, the district court "must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." Id. This analysis constitutes "a balancing test, weighing Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay." McKibben v. Chubb, 840 F.2d 1525, 1528 (10th Cir. 1988) (citation omitted).

I assume without deciding that the ruling dismissing Plaintiffs' Third Claim for Relief is a final order. The request for certification must fail, however, because Plaintiffs utterly fail to establish that any injustice will befall them if final judgment is not entered on their attempted Bivens claim. Plaintiffs argue that a speedy resolution of the issue is in the best interests of the *individual Defendants* because a Bivens action against federal employees "is a significant matter and could have an impact" on their personal lives. Pl. Brief at 3. Plaintiffs supposed concern for their adversaries is misplaced, and they identify no injustice to themselves resulting from a delay in bringing an immediate appeal. Further, the attempted Bivens claim against the individual Defendants is factually and legally related to claims asserted by Plaintiffs against USFS under the APA and the Endangered Species Act, making appellate review at this time wasteful of judicial resources.

IT IS ORDERED that Plaintiffs' Motion to Certify Appeal Pursuant to FRCP 54(b) (Doc. No. 171) is DENIED.

_____
CHIEF UNITED STATES DISTRICT JUDGE